UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SHIRLEY THOMAS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. _____ |
| | : | |
| | : | |
| GRANT & WEBER, INC., | : | |
| | : | |
| Defendant. | : | |

COMES NOW YOUR PLAINTIFF Shirley Thomas and files her Complaint for Damages against the Defendant named above and shows the following:

## Nature of the Case

1. This is an action against the Defendant for its willful, intentional, or negligent violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA") and the Georgia Fair Business Practices Act.

2. Plaintiff brings this Complaint for Damages in her capacity as an individual consumer who has been harmed by the Defendant and the Defendant's business model which targets financially burdened consumers.

## Parties, Jurisdiction, and Venue

3. Plaintiff is a natural person residing in Macon-Bibb County, Georgia.

4.     Defendant is a foreign corporation organized under the laws of Nevada, and is a citizen of Nevada.

5.     Defendant's principal place of business is located at 8880 West Sunset Road, Suite 275, Las Vegas, Nevada 89148, United States.

6.     Defendant maintains a registered agent, CT Corporation System, located at its registered address in this state, 1201 Peachtree Street, N.E., Atlanta, Fulton County, Georgia 30361.

7.     Defendant does not maintain an office in Georgia.

8.     Defendant does not maintain any assets in Georgia.

9.     Summons and Complaint may be served on Defendant by service on CT Corporation System, its registered agent in Georgia located at 1201 Peachtree Street, N.E., Atlanta, Fulton County, Georgia 30361.

10.    Defendant was in fact doing business in this state at all times relevant to this action.

11.    Defendant directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in this judicial district.

12.    This Court has subject matter jurisdiction of claims arising under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

13. This Court also has supplemental jurisdiction with regard to Plaintiff's state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## Law Relevant to Plaintiff's Claims

15. The FDCPA was enacted to protect individuals from abusive debt collection practices because Congress found such practices were rampant in the debt collection industry.

16. Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

17. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

18. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

19. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000, and attorney's fees as determined by the Court and costs of the action. 15 U.S.C. § 1692k.

20. Similarly, Georgia's Fair Business Practices Act ("GFBPA") was enacted to protect the consumer marketplace from false, deceptive, or misleading acts:

> [The purpose of the GFBPA] shall be to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. It is the intent of the General Assembly that such practices be swiftly stopped, and this part shall be liberally construed and applied to promote its underlying purposes and policies.

O.C.G.A. § 10-1-391

21. The GFBPA, O.C.G.A. § 10-1-399(a), provides:

> Any person who suffers injury or damages as a result of . . . consumer acts or practices in violation of this part, . . . or whose business or property has been injured or damaged as a result of such violations may bring an action individually, but not in a representative capacity, against the person or persons engaged in such violations under the rules of civil procedure to seek equitable injunctive relief and to recover his general and exemplary damages sustained as a consequence thereof in any court having jurisdiction over the defendant; provided, however, exemplary damages shall be awarded only in cases of intentional violation. [. . .]

22. A violation of the FDCPA is a violation of Georgia's Fair Business Practices Act.

### Defendant's September 2, 2015 Letter to the Plaintiff

23. The Defendant mailed a letter to Plaintiff on or about September 2, 2015. A true and accurate copy of the September 2, 2015 letter is attached hereto as Exhibit "A."

24. The September 2, 2015 letter purports to be the initial communication between the Defendant and the Plaintiff.

25. The September 2, 2015 letter was sent to the Plaintiff at her address in Macon, Georgia.

26. As part of the September 2, 2015 letter's notice the letter provides:

If you pay or agree to pay the debt or any portion of the debt, the payment or agreement to pay may be construed as:
(1) An acknowledgement of the debt by you; and
(2) A waiver by you of any applicable statute of limitations as set forth in NRS 11.190 that otherwise precludes the collection of the debt; and
If you do not understand or have questions concerning your legal rights or obligations relating to the debt, you should seek legal advice.

27. At all times relevant to the allegations contained herein, the Plaintiff was a natural person residing in Macon-Bibb County, Georgia.

28. Plaintiff was not a citizen of Nevada.

29. The debt Defendant alleges Plaintiff owes was not incurred in Nevada.

### **Defendant's October 2, 2015 Letter to the Plaintiff**

30. Defendant mailed Plaintiff a second letter on or about October 2, 2015. A true an accurate copy of the October 2, 2015 letter is attached hereto as Exhibit "B."

31. The October 2, 2015 letter urges Plaintiff to take immediate action to pay the alleged debt:

> We encourage you to contact us immediately to take of your obligation to ROBINS FEDERAL CREDIT UNION and prevent any further derogatory reporting to your credit bureau report.

32. Defendant never reported this alleged debt to any credit reporting bureau.

33. Defendant never intended to report this alleged debt to any credit reporting bureau.

34. Defendant had no control over the reporting of this alleged debt by any other third party.

35. As a practice, the Defendant does not report alleged debts to any credit reporting bureau.

### **Plaintiff has suffered damages**

36. Congress enacted the FDCPA to protect consumers from widespread abuse by sophisticated debt collectors.

37. Plaintiff has suffered actual injuries the FDCPA seeks to prevent, to wit:

   a) Plaintiff has actually been confused because of Defendant's violations of the FDCPA;

   b) Plaintiff suffered mental distress because of Defendant's violations of the FDCPA;

   c) Plaintiff suffered an invasion of a statutory right because of Defendant's violations of the FDCPA, and;

   d) Plaintiff's financial condition was potentially worsened by Defendant's violations of the FDCPA.

38. Plaintiff has Article III standing to bring these claims against the Defendant.

### Count I – Violations of the FDCPA

39. Paragraphs 1 through 38 are incorporated herein by reference.

40. By reason of the foregoing, Defendant violated the FDCPA with the September 2, 2015 letter by falsely stating the Plaintiff's debt was subject to certain provisions of Nevada law when the alleged debt was not subject to any such law in violation of 15 U.S.C. §§ 1692(e) *et seq*.

41. By reason of the foregoing, Defendant violated the FDCPA with the October 2, 2015 letter by falsely stating Plaintiff could prevent derogatory credit

reporting by paying the alleged debt when Defendant had no intention of reporting (and had not reported) the alleged debt in violation of 15 U.S.C. §§ 1692(e)(5) and 1692(f) *et seq*.

42.     Defendant's actions were intended to cause the Plaintiff harm (or were negligently carried out without regard to their consequence) and succeeded in so doing.

43.     Plaintiff is entitled to recover actual damages in an amount to be determined by the trier of fact.

44.     Plaintiff is entitled to recover statutory damages in an amount to deter such future conduct by the Defendant in an amount to be determined by the trier of fact but in excess of $250.00.

45.     Plaintiff is entitled to recover her attorneys' fees and expenses of litigation pursuant to 15 U.S.C. § 1692(k).

## Count II – Violations of the GFBPA

46.     Paragraphs 1 through 45 are incorporated herein by reference.

47.     By reason of the foregoing, Defendant violated the GFBPA by violating the FDCPA.

48.     By reason of the foregoing, Defendant violated the GFBPA by causing actual confusion thereby causing actual harm to the Plaintiff.

49. Defendant's actions harm the consumer marketplace because they unfairly place consumers at a disadvantage.

50. Defendant is liable to the Plaintiff for its violations of the GFBPA.

51. Defendant's violations are willful and intentional authorizing the trebling of damages.

52. Plaintiff is entitled to recover from the Defendant three times her actual and statutory damages.

53. Plaintiff is entitled to recover from the Defendant her attorneys' fees and expenses of litigation.

## Demand for a Jury Trial

54. Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays for the following:

a) Actual and statutory damages in an amount in excess of $250.00;

b) The trebling of actual and statutory damages for Defendant's intentional violations of the GFBPA;

c) The award of costs and reasonable attorney's fees pursuant to the GFBPA, OCGA § 10-1-399(d), and FDCPA in an amount to be proven at trial but in excess of $2,000.00;

d) Pre- and post-judgment interest, if applicable;

e) Such other and further relief as the Court may deem just, necessary or appropriate.

Submitted this 24th day of August, 2016.

                            /s/  Ronald Edward Daniels
                            Ronald Edward Daniels
                            Georgia Bar No. 540854

DANIELS LAW LLC
P.O. BOX 1834
Perry, Georgia 31069
Tel. 478-227-7331
ron@dlawllc.com

                            ATTORNEY FOR PLAINTIFF

                            /s/  Clifford Carlson
                            Clifford Carlson,
                            Ga. Bar No.: 227503

Cliff Carlson Law, P.C.
114-C1 Highway 96 #347
Kathleen, GA 31047
478.254.1018 (Tel.)
cc@cliffcarlsonlaw.com

                            ATTORNEY FOR PLAINTIFF