## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| SHIRLEY THOMAS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 5:16-CV-373 (LJA) |
| | : | |
| GRANT & WEBER, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is Plaintiff's Motion for Default Judgment against Defendant (the "Motion"), Doc. 7. Plaintiff moves this Court to enter default judgment against Defendant and determine the amount of damages without a hearing. Doc. 7 at 1. For the reasons stated below, Plaintiff's Motion, Doc. 7, is **DENIED**.

## BACKGROUND

On August 24, 2016, Plaintiff Shirley Thomas filed a Complaint for damages alleging that Defendant Grant & Weber, Inc., a debt collection agency, engaged in abusive debt collection practices in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p. Doc. 1 at 1-3, 7. Plaintiff further alleged that Defendant's debt collection practices violated Georgia's Fair Business Practices Act (GFBPA), O.C.G.A. §§ 10-1-391 to -408. Doc. 1 at 1-3, 4, 5.

Plaintiff alleges that, on or about September 2, 2015, Defendant mailed a letter to Plaintiff's residence in Macon, Georgia, purporting to be an initial communication between the parties regarding a debt, that stated:

> If you pay or agree to pay the debt or any portion of the debt, the payment or
> agreement to pay may be construed as: (1) An acknowledgment of the debt by
> you; and (2) A waiver by you of any applicable statute of limitations as set
> forth in NRS 11.190 that otherwise precludes the collection of the debt.

Doc. 1 ¶¶ 23-26. Plaintiff alleges that the debt mentioned in the letter was not incurred in Nevada and that Plaintiff's obligation, if any, was not subject to Nevada law. *Id.* ¶¶ 27-29. Plaintiff alleges that, on or about October 2, 2015, Defendant mailed a second letter to Plaintiff which stated that "We encourage you to contact us immediately to take [sic] of your obligation to ROBINS FEDERAL CREDIT UNION and prevent any further derogatory reporting to your credit bureau report." *Id.* ¶¶ 30-31. Plaintiff alleges that Defendant never reported, intended to report, or had control of the reporting of the alleged debt to Robins Federal Credit Union to any reporting agency and that Defendant does not as a practice report alleged debts to credit reporting bureaus. *Id.* ¶¶ 32-35.

On August 26, 2016, Defendant was served with a summons and a copy of Plaintiff's Complaint. Docs. 5-1. Defendant has failed to plead or otherwise defend the instant suit. *See* Docket. On October 7, 2016, Plaintiff filed an Application to the Clerk of this Court for Entry of Default against Defendant. Doc. 6. On October 11, 2016, the Clerk of Court entered default against Defendant. *See* Docket. On November 1, 2016, Plaintiff filed the Motion. Doc. 7.

## LEGAL STANDARD

After a default has been entered, the Clerk may enter a default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that can be made certain by computation," as long as the party is not a minor or incompetent and has not made an appearance. Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2).

The entry of default by the Clerk does not in itself warrant the entry of default judgment by the Court. *See Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] "Because of [the] strong policy of determining cases on their merits, [ ] default judgments are generally disfavored." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (citation omitted). "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. There must be sufficient basis in

---

[1]    The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

the pleadings for the judgment to be entered." *Nishimatsu*, 515 F.2d at 1206; *see Surtain*, 789 F.3d at 1245. A plaintiff establishes a sufficient basis for the entry of a default judgment by pleading adequate facts to "survive a motion to dismiss for failure to state a claim" under Fed. R. Civ. P. 12(b)(6). *Nishimatsu*, 515 F.2d at 1206.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead enough facts to state a claim for relief that is plausible—not just conceivable—on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs," it is not required "to accept the labels and legal conclusions in the complaint as true." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). At bottom, "the factual allegations in the complaint must possess enough heft to set forth a plausible entitlement to relief." *Edwards*, 602 F.3d at 1291 (punctuation omitted). Further, in the 12(b)(6) context, "documents attached to a complaint or incorporated in the complaint by reference can generally be considered by a federal court." *Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014).

In ruling on a motion for default judgment, "the Court must consider (1) jurisdiction, (2) liability, and (3) damages." *Johnson v. Rammage*, 2007 WL 2276847, at *1 (M.D. Ga. Aug. 7, 2007) (citing *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353 (S.D. Ga. 2004)).

## DISCUSSION

### A.   Jurisdiction

The Complaint establishes that the Court has subject-matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 as Plaintiff asserts a claim arising under the Fair Debt Collection Practices Act (FDCPA). Doc. 1 ¶ 12. The Court exercises its supplemental jurisdiction over Plaintiff's state-law claim. 28 U.S.C. § 1367. Further, the Complaint establishes that the Court has personal jurisdiction over Defendant, as it alleges that Defendant is a non-resident entity that purposefully engaged in debt collection efforts in Georgia and that the cause of action arises from those debt collection efforts. Doc. 1 ¶¶ 10-

11; *see* O.C.G.A. § 9-10-91(1); *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010).

**B.     Liability**

"The FDCPA prohibits a debt collector from using a false, deceptive, or misleading representation or means in connection with the collection of any debt." *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012) (punctuation omitted); *see* 15 U.S.C. § 1692e. In order to state a plausible FDCPA claim, a plaintiff must allege "(1) that the defendant is a debt collector[,] [ ] (2) that the challenged conduct is related to debt collection," and (3) that the defendant has engaged in an act or omission prohibited by the FDCPA. *Id.* The FDCPA prohibits debt collectors from misrepresenting "the character, amount, or legal status of any debt," and "threat[ening] to take any action that . . . is not intended to be taken," 15 U.S.C. § 1692e(2)(A), (5). In addition, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The Eleventh Circuit has "adopted a least sophisticated consumer standard to evaluate whether a debt collector's conduct is deceptive, misleading, unconscionable, or unfair under the [FDCPA]" *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014) (punctuation omitted). The least sophisticated consumer standard "has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *Id.* Finally, although "described as a strict liability statute," the FDCPA does not impose liability for all practices that might mislead the least sophisticated consumer. *Id.* at 1259 n.4; *see* 15 U.S.C. § 1692k(c).

Here, Plaintiff has alleged that Defendant sent two letters that violated the FDCPA. One letter asserts that if Plaintiff were to pay (or agree to pay) the debt in question, such payment could be construed as an acknowledgment of the debt or as a waiver of a statute of limitations under Nevada law. The other letter implies that Plaintiff could avoid negative reporting on her credit report if she made arrangements with Defendant for the debt in question. Plaintiff has alleged that both letters misrepresent the nature of Plaintiff's obligation for, and Defendant's role in, the debt in question.

As alleged, the content of these letters does not constitute false, deceptive, or misleading communication under the FDCPA. Plaintiff's attempt to characterize two milk-toast letters as "harassment" is precisely the "idiosyncratic interpretation" referred to in *Crawford*, 758 F.3d at 1258. Plaintiff cites no Eleventh Circuit authority, and the Court can find none, that has found a debt collector liable under the FDCPA for sending a form letter which warns a debtor of the possibility that payment of a debt would result in a waiver of her rights. The cases cited in Plaintiff's Motion which purportedly awarded damages for "conduct less egregious than the conduct alleged in this case" are inapposite. Doc. 7-1 at 5. Moreover, Plaintiff provides no evidence for her claims regarding Defendant's business practices. Plaintiff's bare assertion that Defendant did not intend to report, or did not control the reporting of, the alleged debt to any reporting agency is insufficient to state a claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Court is not required to accept these conclusory statements as fact, and it declines to do so. Thus, Plaintiff has failed to state a claim for relief under the FDCPA.

"The [G]FBPA forbids and declares unlawful any unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce." *Marrale v. Gwinnett Place Ford*, 609 S.E.2d 659, 663 (Ga. Ct. App. 2005). "[A] violation of the FDCPA constitutes a violation of the GFBPA." *Harris v. Liberty Cmty. Mgmt., Inc.*, 702 F.3d 1298, 1303 (11th Cir. 2012) (punctuation and citation omitted); *1st Nationwide Collection Agency, Inc. v. Werner*, 654 S.E.2d 428, 431 (Ga. Ct. App. 2007). Here, Plaintiff alleges that because Defendant violated the FDCPA, it also violated the GFBPA. Thus, because the Court found that Plaintiff failed to allege a claim under the FDCPA, the Court finds that Plaintiff has failed to state a claim under the GFBPA.

As Plaintiff has failed to alleged facts that state claims against Defendant, Plaintiff has not adequately set forth Defendant's liability. Thus, there is not a "sufficient basis in the pleadings for the [default] judgment to be entered," against Defendant. *Nishimatsu*, 515 F.2d at 1206. Because Plaintiff has not established Defendant's liability, the Court need not address damages.

## CONCLUSION

Accordingly, Plaintiff's Motion, Doc. 7, is **DENIED**. As Plaintiff has failed to state a claim against Defendant, dismissal of her Complaint is warranted. However, "[p]rior to dismissing an action on its own motion, a court must provide the plaintiff with notice of its intent to dismiss and an opportunity to respond." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015). Accordingly, Plaintiff is hereby given leave to file a Motion to Amend her Complaint, attaching an Amended Complaint within **thirty (30) days** of the date of this Order. Failure to file a timely Motion to Amend will result in a dismissal with prejudice.

**SO ORDERED**, this 14th day of June, 2017.

    /s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**